IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MINERVA Y. HILTON, CURTIS LEE HILTON, ALICIA M. STEPHENS, *individually and as parent and natural guardian of Michael Stephens,* and MICHAEL STEPHENS, *individually,*<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>JUDY G. STAFFORD,<br><br>　　　　　　　　Defendant. | Civil Action No. 19-1541<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 63 |

## MEMORANDUM ORDER APPROVING SETTLEMENT

Presently before the Court is the Plaintiffs' Amended Petition for Court Approval to Settle the Claim of Plaintiff, Michael Stephens. ECF No. 63. For the reasons that follow, the Petition will be GRANTED.[1]

### I.   FACTUAL AND PROCEDURAL BACKGROUND

This case arose from a December 5, 2017 automobile accident, that occurred in Neshannock Township, Pennsylvania, when a vehicle operated by Defendant Judy G. Stafford struck the rear of a vehicle operated by Plaintiff Minerva Y. Hilton.[2] Plaintiff Michael Stephens, an adult who is autistic, was seated in the right front passenger seat, and suffered a laceration to his left eyebrow, a severe contusion to his left eyebrow area, bilateral black eyes, and emotional

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case and to enter final judgment. ECF Nos. 28 and 29.

[2] Plaintiffs are residents of Pennsylvania, Ms. Stafford is a resident of Ohio, and the amount in controversy exceeds $75,000. Accordingly, this Court has diversity jurisdiction over this matter pursuant to 29 U.S.C. § 1332.

1

distress manifested by nightmares and difficulty sleeping and enjoying life. Plaintiff's medical bills total $682.00.

This action was commenced on December 2, 2019, by Ms. Hilton, her husband Curtis Hilton, Michael Stephens, and Alicia M. Stephens, Mr. Stephen's mother and legal guardian, alleging claims for negligence, recklessness, and negligence per se, negligent infliction of emotional distress, and loss of consortium, and requesting an award of compensatory and punitive damages. ECF No. 1.  The parties subsequently stipulated to the dismissal of Plaintiffs' claims for punitive damages. ECF No. 14.  Thereafter, the Court was advised that mediation of this matter was successful, and all claims on behalf of all parties were resolved and memorialized in settlement agreements.  ECF No. 50, 57, 59.  Acting in her capacity as guardian for Michael Stephen, Alicia Stephens now seeks approval of the settlement.

Under the terms of the settlement, Defendant has agreed to pay $7,000 to resolve Mr. Stephens' claim.  Counsel has provided the Court with necessary evidence that there are no outstanding medical liens, and Mr. Stephens' medical records indicate that all treatment has been concluded.  Accordingly, the total amount paid for medical treatment will not exceed the $682.00, as previously remitted. ECF No. 64.

Mr. Stephen's counsel has submitted an affidavit in support of the attorneys' fees and expenses set forth in the Amended Petition and incurred in his representation of Mr. Stephens.  To that end, counsel states he expended approximately 15.50 hour working on Mr. Stephens' claim, including compiling medical and hospital records and bills, lien information, preparation and filing of pleadings, preparation and participation in depositions and mediation, and preparation of the Petition at issue. In her capacity as guardian, Alicia Stephens agreed to a contingent fee of 40% of any recovery, plus expenses.  However, to increase the amount of settlement proceeds Mr.

Stephens receives, counsel has agreed to reduce the attorneys' fees to $2,000. ECF No. 63 at 3. Mr. Stephens' share of litigation expenses, including filing and mediation fees, copies, and deposition transcript fees is $974. Id. at 3-4. Counsel states the net proceeds to be paid to Alicia Stephens as Mr. Stephens' parent and guardian is $4,025.15. The Court has been provided with copies of the relevant medical bills and treatment records and is satisfied that counsel accurately represents the extent of Mr. Stephens' injury as a result of the accident, as well as the medical expenses incurred.

**II.   DISCUSSION**

The Court has "an inherent duty to protect the interests of minors [and incompetents] who appear before it"; as such, the Court must "determine the fairness of any settlement agreement and the reasonableness of any attorneys' fees to be paid from the settlement amount in a suit brought on behalf of a minor." Nice v. Centennial Area Sch. Dist., 98 F.Supp.2d 655, 667 (E.D. Pa. 2000) (citations omitted).

In making this assessment, Local Rule 17.1 provides that "[n]o action to which a minor [or incompetent] is a party shall be compromised, settled, discontinued or dismissed except after approval by the Court pursuant to a petition presented by the guardian of the minor or the natural guardian of the minor." LCvR 17.1(A). "And, because the Court's jurisdiction in this case is based on diversity of citizenship, under the Erie doctrine the Court must apply Pennsylvania state law when evaluating the Amended Petition." M. S. v. W. Power Sports, Inc., No. 1:19-CV-00017-CCW, 2021 WL 2718422, at *1 (W.D. Pa. July 1, 2021) (citing Nice 98 F.Supp.2d at 667–68). "Accordingly, '[i]n considering petitions to approve compromise settlement and distribution, the court must assess the following: (1) the sufficiency of the petition; (2) the fairness of the proposed

settlement amount; and (3) the reasonableness of the requested counsel fees.'" Id. (quoting Johnson v. Clearfield Area Sch. Dist., 319 F.Supp.2d 583, 586 (W.D. Pa. 2004)).

### A. Sufficiency of Petition

Local Civil Rule 17.1 sets forth the requirements of the petition as follows:

> The minor or incompetent's attorney "shall file with the Clerk of the Court, as part of the record, a petition containing (1) a statement of the nature of the evidence relied on to show liability, (2) the elements of damage, (3) a statement of the services rendered by counsel, (4) the expenses incurred or to be incurred and (5) the amount of fees requested. The petition shall contain written statements of minor's attending physicians, setting forth the nature of the injuries and the extent of recovery. If required by the Judge, such statements of attending physicians shall be in affidavit form. The petition shall be verified by the affidavit of the minor's counsel...."

LCvR 17-1.B. The Amended Petition and exhibits thereto sufficiently set forth all required facts, procedural history, relevant evidence regarding Mr. Stephens' claim, the terms of the settlement, and the reasonableness of the attorneys' fees in light of the efforts of counsel.

### B. Fairness of Settlement

Although, "generally, the parties and counsel are ... in the best position to evaluate the settlement and their judgments are entitled to considerable weight, the court must nevertheless make an independent evaluation with regard to the fairness of the settlement value…." M. S. v. W. Power Sports, Inc., 2021 WL 2718422, at *2 (internal citations and quotation marks omitted). In this case, given the relatively minor injury sustained by Mr. Stephens as documented by the medical evidence provided in support of the Amended Petition, and the affidavit of Alicia Stephens and counsel, the Court finds that the proposed settlement is fair.

### C. Reasonableness of Counsel Fees and Expenses

After evaluating the fairness of the agreement, a district court must assess the reasonableness of the requested counsel fees. In assessing the reasonableness of the fees, the court

must "strike a balance between being a 'passive pro forma rubber stamp' ... and being too intrusive in its consideration of the fairness of counsel fees." Stecyk v. Bell Helicopter Textron, Inc., 53 F. Supp. 2d 794, 800-01 (E.D. Pa. 1999) (quoting Gilmore v. Dondero, 582 A.2d 1106, 1109 (Pa. Super. Ct. 1990)). Pennsylvania courts apply the following ten-factor test to measure the effectiveness of counsel and the fairness of the requested fees:

> (1) the amount of work performed; (2) the character of the services rendered; (3) the difficulty of problems involved; (4) the importance of the litigation; (5) the degree of responsibility incurred; (6) whether the fund involved was "created" by the attorney; (7) the professional skill and standing of the attorney in her profession; (8) the result the attorney was able to obtain; (9) the ability of the client to pay a reasonable fee for the services rendered; and (10) "very importantly" the amount of money in question.

Gilmore, 582 A.2d at 1109.

Upon consideration of the Amended Petition and supporting exhibits and the factors set forth above, the Court is persuaded that the request for fees – representing $129.03/hour for 15.5 hours of work performed – and the expenses incurred are reasonable and fair. According to the Amended Petition, as supported by the affidavit submitted by counsel pursuant to LCvR 17.1(B), resolution of this matter required the initiation of litigation, depositions of the involved parties, compilation of medical records, confirmation of the absence of a lien, and pursuit of Mr. Stephens' claim through settlement. As such, the Court will approve the requested fees and expenses.

### III. CONCLUSION

For the foregoing reasons, the Amended Petition for Court Approval to Settle the Claim of Plaintiff, Michael Stephens, is properly granted.

SO ORDERED, this 21st day of January 2022.

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   All counsel of record via CM/ECF